THE MAYOR, etc., OF MILLEDGEVILLE *vs*. THOMAS, and *vice versa*.

1. Where a declaration alleged that, under a contract between a lessor and lessee, the lessor was liable for various improvements placed upon the land by the lessee, consisting of fencing, ditching, and one cotton house, and the bill of particulars contained an item for fencing, although the judge excluded from the attention of the jury evidence tending to show permanent improvements, a verdict of one hundred and fifty dollars for the plaintiff was not contrary to law, as not being based upon the declaration. The jury might have found that some of the fencing was necessary as repairs, and the declaration was sufficient to cover such a finding.

2. The presiding judge did not abuse his discretion in refusing a new trial in this case, on the ground that the verdict was contrary to law and evidence.

(a.) The presiding judge may consider the general countenance of the case and the inferences that the jury might reasonably draw from the testimony in passing upon a motion for a new trial.

December 30, 1882.

Verdict. New trial. Landlord and Tenant. Before Judge LAWSON. Baldwin Superior Court. May Term, 1882.

Thomas brought his action against the mayor, etc., of Milledgeville. The declaration alleged that defendants were indebted to plaintiff $430.00 for various improvements, consisting of fencing, ditching and one cotton house placed by plaintiff on the land of defendants while held by him under lease; that a lease had been made to one Barnett, and by him, with the consent of defendants, had been assigned to plaintiff; that it was a part of the agreement of lease, as well as the usual custom of the city, to allow the tenant his improvements, he not being in default, at the termination of the lease; but that defendants refused to allow him his improvements of pay therefor, though he had fully paid the rent. The bill of particulars contained three items, viz : " For —— pan-

nels of fence put on land, $350.50.   For——feet of ditch-
ing, $30.00.   For one cotton house, $50.00."

The evidence was, in brief, as follows: In 1871, N. C.
Barnett had leased from defendants a certain tract of
land in the city of Milledgeville for ten years, to 1st
March, 1880, on terms specified, to-wit: That on failure
to pay quarterly in advance, the mayor and aldermen should
have right to enter immediately upon said land and take
possession thereof, and of any improvements tenant might
erect thereon.   In 1872, plaintiff took a transfer of Bar-
nett's lease and took possession of the land, with consent
of defendants; he held by himself to 1879, and afterwards
by his sub-tenant, John Davis.   In the early part of his
occupancy, he built a cotton house, at the cost of $50.00,
dug a ditch costing him $30.00, and constructed fences of
rails costing him over $350.00, on said place—all of which
he used for eight or nine years of his tenancy, and left on
the place when his lease expired.   In 1879, not having
fully paid the rent of 1878, plaintiff petitioned defend-
ants to extend the time for payment.   They agreed
thereto, and on February 24, 1879, plaintiff gave to them
a note for $153.50, due November 1st, being for the bal-
ance due for the rent of 1878 and the rent of 1879.   In
this note plaintiff assigned to defendants as security, "a
land rent on John Davis, Sr., for 2,300 pounds of lint cot-
ton."   This note was paid off in installments, the last of
which was paid November 5, 1879.

Plaintiff testified that he was turned out of possession
in 1879.   The mayor of the city, on the contrary, testified
that plaintiff was not in actual possession in 1879, but
that Davis was in such possession, and that he had since
remained there as the tenant of the defendants.   Plaintiff
also testified, that when he went into possession there was
a fence around seven or eight acres and a brush fence
around a larger tract, the entire farm being eighty-five
acres.   Also, that after building the fences, he repaired
them from time to time and left them in good condition

when turned out. In December, 1879, plaintiff desired to move his improvements, which defendants would not allow; and he brought the present action.

The court charged as follows: "The plaintiff was not entitled to recover of defendants by his contract, which was in evidence, the value of improvements which he erected upon the premises leased from the defendant, unless the defendant consented to their erection; that such consent must be manifested by something more than mere acquiescence on the part of defendant, and must be equivalent to a contract, expressed or implied, that the defendant would pay for such improvements or betterments; that in the absence of proof of such contract, the plaintiff could recover, in this case, only the value of labor expended or money laid out in keeping the premises in the same condition of repair and utility as they possessed when leased to his assignor. Repairs, which the law requires the landlord to make and keep up, do not include improvements or betterments."

The jury found for plaintiff $150.00. Defendants moved for a new trial, because the verdict was contrary to law, evidence and the charge of the court. The motion was overruled, and defendants excepted. In overruling the motion, the court passed the following order: "The verdict in the above case is not altogether satisfactory. But as there was evidence, from which the jury might possibly have reasoned to the conclusion, that it was worth $150.00 to keep the premises in the same condition of repair, as when the plaintiff began his occupancy, and as it is very evident that the premises were much improved during his term, I refuse to disturb the verdict. The motion for new trial is therefore overruled."

C. P. CRAWFORD, for mayor, etc.

DuBIGNON & WHITFIELD; HARRISON & PEEPLES, contra.

JACKSON, Chief Justice.

This was an action brought by defendant in error against the city of Milledgeville for certain work done upon property of the city, leased by him from the city. So far as this work went to permanent improvement of the property, the court, properly perhaps, excluded the consideration of it in the charge to the jury, under the terms of lease and facts of the case, there being no proof of the city's assent, but confined their attention only to repairs, such as the landlord was bound to make, and failing to do so, was bound to pay for. The jury found for defendant in error $150.00, and the city, being refused a new trial, brought the case here on the grounds that the verdict is contrary to the law and without evidence.

1. It is insisted that it is contrary to law, because the repairs are not sued for. It is true that the word "improvements" is used in the declaration as generally descriptive of that sued for, but the bill of particulars sets out not only a cotton house erected, and ditching done, but fencing also to a large extent—to-wit : to the value of $350.00. So that much of this fencing paid for, and set out in the bill of particulars, may have been for repairs. So the verdict is not against law, because repairs are not sued for.

2. The plaintiff swears that he did repair fencing, but to what extent, he does not swear. On overruling the motion for a new trial, the judge says : " The verdict in the above case is not altogether satisfactory, but as there is evidence from which the jury might possibly have reasoned to the conclusion that it was worth $150.00 to keep the premises in the same condition of repair as when the plaintiff began his occupancy, and as it is very evident that the premises were much improved during his term, I refuse to disturb the verdict."

It is to be considered that the farm rented embraced eighty-odd acres; that there was no timber on it ; that defendant in error occupied it many years, and that, for

the purpose for which it was rented, fencing was absolutely necessary. In view of the facts, the judge might say that the jury could reason to the conclusion that, to keep the farm in reasonable repair for several years, required $150.00. Nor do we think it illegal that, in considering a motion for a new trial, based alone on the grounds that the verdict is against law and evidence, the court looked to " the general countenance" of the case in respect to the inherent justice of the claim. At all events, we are not prepared to say that the discretion with which the presiding judge is invested to grant or refuse a new trial on such questions of testimony, has been so abused here as to require this court to reverse him and the jury, and to award a new trial over the finding of both. The judge had the authority of this court for giving consideration to the reasoning powers of the jury, inasmuch as one of the ablest justices who ever sat here pronounced that their verdict is the compound result of law, logic and evidence, and the authority of the same judge, in considering a motion for a new trial, for looking at the general countenance of the case.

This view makes the consideration of the cross bill of exceptions unnecessary.

Judgment affirmed.